**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| PHILLIP G. BURKE, ET AL. | § | |
| | § | |
| v. | § | CIVIL CASE NO. 4:19-CV-492 |
| | § | |
| JPMC SPECIALTY MORTGAGE, LLC | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge, this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On April 24, 2020, the report of the Magistrate Judge, (Dkt. #43), was entered containing proposed findings of fact and recommendations that Defendant JPMC Specialty Mortgage, LLC's Motion for Summary Judgment, (Dkt. #36), be granted and Plaintiffs Phillip G. Burke and Elizabeth L. Burke's claims be dismissed with prejudice. Having received the report of the Magistrate Judge and considered Plaintiffs' objections, (Dkt. #44), and Defendant's response, (Dkt. #45), the Court determines that the Magistrate Judge's report should be adopted.

**OBJECTIONS TO REPORT AND RECOMMENDATION**

Plaintiffs filed this case in state court seeking to avert foreclosure of real property located at 5012 Watkins Circle, The Colony, Texas 75056. *See* (Dkt. #1, #3). Following removal to the Eastern District of Texas, the Magistrate Judge recommended summary judgment be granted on each of Plaintiffs' claims. Plaintiffs timely objected to the recommendation, asserting eleven numbered objections, which are largely directed toward factual findings in the report.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). Defendant asserts Plaintiffs' objections amount to nothing more than unsupported conjecture that lack merit and are intended for delay.

**I. First and Seventh Objections**

Plaintiffs' first objection argues that there is no evidence establishing the date Ameriquest endorsed the Texas Home Equity Note (the "Note") at issue. (Dkt. #44 at 1). It is therefore "possible," Plaintiffs say, that the Note was not endorsed in blank until after Ameriquest no longer had capacity to take such action. (*Id.*). Relatedly, Plaintiffs argue that Ameriquest also lacked authority to assign the Note, thereby enabling Plaintiffs to challenge that assignment.

Plaintiffs' objections lack merit. As an initial matter, Plaintiffs submitted no affirmative summary judgment evidence in support of these positions. At best, Plaintiffs provide nothing more than speculation to support these arguments. Further, as the report correctly explained, Texas law "is settled" that the obligors of a claim, like Plaintiffs, are precluded from defending against an assignee's attempt to enforce the obligation "on any ground which renders the assignment voidable only[.]" *Tri-Cities Const., Inc. v. Am. Nat'l Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App.—Houston [1st] 1975, no writ); *see also Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 226 (5th Cir. 2013) (discussing Texas law and citing *Tri-Cities*). Instead, the obligors may only make such a challenge "on any ground which renders the

assignment *void*[.]" *Tri-Cities*, 523 S.W.2d at 430 (emphasis added); *see also Reinagel*, 735 F.3d at 226. Here, Plaintiffs, who are not parties to the assignment of the Note, *see* (Dkt. #36-9 at 6), set forth the same argument rejected in *Reinagel*—that the assignment by Ameriquest was executed without authority and is therefore void. Not so. Plaintiffs' challenge to the assignment would, if successful, render the assignment merely voidable rather than void. *See Ruiz v. Bank of Am., N.A.*, Civil Case No. 3:18-CV-2707, 2020 WL 2101299, at *9 (N.D. Tex. Apr. 30, 2020) (citing *Reinagel*, 735 F.3d at 226) ("Lack of authority to enter an assignment of a deed of trust on behalf of a corporate principal is a voidable defect, not one that renders an assignment void."). Therefore, Plaintiffs lack standing to challenge the assignment.

Plaintiffs' arguments to the contrary are unavailing. In *Green v. JPMorgan Chase Bank, N.A.*, the case upon which Plaintiffs rely to support their authority to challenge the assignment, the Northern District of Texas reiterated that "obligors of a claim may defend the suit brought thereon on any ground which renders the assignment void, but may not defend on any ground which renders the assignment voidable only[.]" 937 F. Supp. 2d 849, 855 (N.D. Tex. 2013) (quoting *Puente v. CitiMortgage, Inc.*, Civil Case No. 3:11-CV-2509, 2012 WL 4335997, at *6 (N.D. Tex. Aug. 29, 2012)), *aff'd sub nom.*, 562 F. App'x 238 (5th Cir. 2014). *Green* does not authorize Plaintiffs' challenge here; rather, it merely reiterates the void–voidable distinction for purposes of standing. *See Brewer v. PNC Mortg.*, Civil Case No. 4:15-CV-4, 2015 WL 12732626, at *4 (N.D. Tex. Oct. 1, 2015) (citing *Reinagel*, 735 F.3d at 226) ("[C]laims that an assignment was executed without authority merely rendered

the assignment voidable with respect to the parties to the assignment, not void, and that plaintiffs lacked standing to challenge an assignment on that basis."). For these reasons, Plaintiffs' first and seventh objections are overruled.

## II. Second and Sixth Objections

Plaintiffs' second and sixth objections contend that the report failed to address Plaintiffs' arguments that the Grageda Declaration is conclusory and not based on personal knowledge. (Dkt. #44 at 1–3). Plaintiffs also argue, for the first time, that a copy of the Note in the Declaration fails to satisfy the best evidence rule. (*Id.* at 2).

These objections also lack merit. As Defendant notes, the report dedicates approximately four pages to the discussion of these objections to the Declaration. (Dkt. #45 at 2). In that discussion, the report correctly states that personal knowledge may be "reasonably inferred" from the affiant's position with the company when "the facts stated reasonably fall within the sphere of responsibility of the affiant as a corporate employee," *Bowman v. CitiMortgage, Inc.*, 768 F. App'x 220, 224 (5th Cir. 2019) (internal quotation marks omitted), and that a custodian of records is competent to testify from business records as a corporate representative, *Lehman v. Select Portfolio Servicing, Inc.*, Civil Case No. 4:13-CV-720, 2015 WL 123868, at *2 (E.D. Tex. Jan. 7, 2015) (citing FED. R. CIV. P. 803(6)). The Grageda Declaration specifically states: Grageda has "personal knowledge of the facts herein"; such knowledge is "based on my review of the records maintained"; Grageda has "access to Chase's business records" as part of his job function that includes "reviewing loan documents"; and Grageda is "familiar with its records related" to Plaintiffs' loan.

(Dkt. #36-2 at 1). These declarations are sufficient to reasonably infer Grageda's personal knowledge. *See Cline v. Deutsche Bank Nat'l Trust Co.*, Civil Case No. 3:14-CV-1565, 2015 WL 4041791, at *3 (N.D. Tex. July 2, 2015) (holding same under materially identical facts); *see also DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529–30 (5th Cir. 2005) (rejecting a "requirement for a set of magic words" to establish an affiant's personal knowledge).

Plaintiffs' best-evidence objection has been similarly rejected. Texas law provides that "[a] photocopy of the promissory note, attached to an affidavit in which the affiant swears that the photocopy is a true and correct copy of the original note" is sufficient to establish a note's existence. *Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex. App.—Houston [14th Dist.] 1994, no writ); *see also Silver Gryphon, LLC v. Bank of Am. NA*, Civil Case No. 4:13-CV-695, 2013 WL 6195484, at *3 (S.D. Tex. Nov. 27, 2013) (rejecting a best evidence objection to a note under materially identical facts). For these reasons, Plaintiffs' second and sixth objections are overruled.

### III. Third, Fourth, Fifth, and Ninth Objections

Plaintiffs' third, fourth, fifth, and ninth objections each argue there are evidentiary deficiencies in Defendant's application in the underlying foreclosure action. (Dkt. #44 at 2–4). Plaintiffs' objections are irrelevant to the disposition of this matter. Defendant did not proceed with a foreclosure sale. Moreover, the report does not rely on the foreclosure order to determine any right of Defendant. Rather, in the pages cited by Plaintiffs, the report merely recounts the procedural history—

including the foreclosure order—of the case. (Dkt. #43 at 3–4). For these reasons, Plaintiffs' third, fourth, fifth, and ninth objections are overruled.

**IV. Eighth Objection**

Plaintiffs argue in their eighth objection that the report incorrectly concluded Plaintiffs did not raise a Texas Debt Collection Act ("TDCA") claim. According to Plaintiffs, they asserted a valid TDCA claim because notice-related expenses were impermissibly charged to their account. (Dkt. #44 at 3). Defendant responds that its conduct is not a "debt collection violation" based on Plaintiffs' undisputed default. (Dkt. #45 at 3).

Plaintiffs' objection is meritless. First, Defendant's actions were authorized under the terms of the Note. The Note states: "If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note." (Dkt. #36-2 at 6); *see also* TEX. FIN. CODE ANN. § 392.303(a)(2) ("In debt collection, a debt collector may not use unfair or unconscionable means [by] . . . collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation *unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation*[.]") (emphasis added). Second, Plaintiffs do not advance any legal authority or evidence regarding their general argument that the purported notice-related expenses are a "debt collection violation" given their acknowledged default. For these reasons, Plaintiffs' eighth objection is overruled.

**V. Tenth and Eleventh Objections**

Plaintiffs' tenth and eleventh objections assert that summary judgment is inappropriate as to Plaintiffs' request for declaratory relief, injunctive relief, and attorney fees and costs because Plaintiffs asserted a valid basis for relief. (Dkt. #44 at 4). Defendant responds that the report correctly concluded that Plaintiffs assert no claims that survive summary judgment; thus, the denial of Plaintiffs' requested relief is appropriate. (Dkt. #45 at 4). The Court agrees. Because Plaintiffs assert no claims that survive summary judgment, Plaintiffs are not entitled to declaratory relief, injunctive relief, or attorney fees and costs.

## Conclusion

Having considered Plaintiffs' objections, (Dkt. #44), and Defendant's response, (Dkt. #45), the Court adopts the Magistrate Judge's Report and Recommendation, (Dkt. #43), as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment, (Dkt. #36), is **GRANTED**. Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. The Court will separately enter a final judgment.

**So ORDERED and SIGNED this 12th day of June, 2020.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE